CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

August 07, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAWRENCE CLOBORN DAVIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00204 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| R. SHORT, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Lawrence Cloborn Davis, Jr., a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendant R. Short. (*See* Compl. [ECF No. 1].) This matter is before the court on Short's motion to dismiss. (ECF No. 14). For the following reasons, the court will grant the motion to dismiss.

## I.  BACKGROUND

This matter stems from events that allegedly occurred while Davis was incarcerated at the Keen Mountain Correctional Center (the "prison") in Oakwood, Virginia. (*See* Compl. at 1.) Short is the Food Operations Director at the prison. (*See id.* at 1.) Davis makes the following factual allegations in his complaint, which the court accepts as true when analyzing the motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017).

Davis alleges that on May 23, 2024, he arrived at the prison and advised staff there about his food allergies.[1] (Compl. at 2.) Despite this, Davis alleges that he is being served food to which he is allergic and "that could kill [him] . . . as a form of punishment." (*Id.*) Davis claims that he is otherwise only being served peanut butter, eggs, and cheese for all three of

---

[1] In his response to Short's motion to dismiss, Davis clarifies that he is allergic to wheat, beans, carrots, halibut, trout, tuna, shellfish, rye, barley, corn, rice, and oats. (ECF No. 22 at 4.)

his daily meals. (*Id.*) Davis attaches to his complaint copies of facility requests, written complaints, grievances, and responses thereto in support of his claims. (*See* ECF No. 1-1.)

On March 20, 2025, Davis executed his complaint. (Compl. at 2.) In terms of relief, Davis requests that the court "make sure [his] life is not in danger" and that he is not "served food that [is] harmful to [him and] that can kill [him]."[2] (*Id.*)

On September 8, 2025, Short filed his motion to dismiss. (ECF No. 14.) Davis filed a response in opposition (ECF No. 22), Short did not file a reply, and the motion to dismiss is ripe for disposition.

## II.    STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). At bottom, the court "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

---

[2] In his response, Davis also requests $7,000 in damages. (ECF No. 22 at 5.)

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III.    ANALYSIS

Davis is pursuing his claims against Short under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his rights under the Constitution or laws of the United States. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Davis asserts what the court construes as two claims against Short: (i) an Eighth Amendment deliberate-indifference claim and (ii) a First Amendment retaliation claim. The court addresses these claims in turn.

### A.  Deliberate-Indifference

The Eighth Amendment guarantees prisoners "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[D]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). To state a claim of deliberate indifference under the Eighth Amendment, a prisoner must allege that, objectively, the alleged deprivation was "sufficiently serious," and subjectively, that the defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)).

Davis has failed to state sufficient facts to show the objective component of his deliberate-indifference claim. To do so, Davis must allege that he had a "serious" medical need

that has been diagnosed by a "physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). As an initial matter, a prison official's failure to accommodate a medically recognized food allergy, without more, does not violate an inmate's constitutional rights. *See Braxton v. Dir. of Health Servs.*, No. 1:17-cv-00340, 2018 WL 6072003, at *6 (E.D. Va. Nov. 19, 2018) (collecting cases showing that "a prison official cannot be found to be deliberately indifferent based solely on the failure to accommodate a food allergy, because the Constitution does not require such an accommodation"). And though food allergies may "give rise to a serious medical need . . . where those allergies prevent the inmate from receiving a safe or nutritionally adequate diet," *Sweeting v. Miller*, No. 7:14-cv-00187, 2015 WL 4773276, at *3 (W.D. Va. Aug. 12, 2015), Davis does not allege that such circumstances are present here.

As noted, Davis claims that he has been served food items "that could kill [him]." (Compl. at 2.) But he does not allege to have suffered *any* allergic reaction from exposure to such items. (*See generally* Compl.) In similar circumstances, courts within and outside this circuit have found deliberate-indifference claims to be unactionable or otherwise without merit. *See Sweeting*, 2025 WL 4773276, at *3 (granting summary judgment on deliberate-indifference claim where the plaintiff "d[id] not identify any instance when he suffered an allergic reaction of medical significance" in prison); *Joseph v. Mercer Cnty. Comm'rs*, No. 3:12-cv-00847, 2012 WL 6018125, at *13 (N.D. Ohio Dec. 3, 2012) (finding deliberate-indifference claim subject to summary dismissal under 28 U.S.C. 1915(e) where the plaintiff "d[id] not allege he suffered any injury of medical consequence as a result of being served peanut butter"); *see also McKenny v. Moore*, No. 4:08-cv-03705, 2009 WL 152652, at *2 (D.S.C. Jan. 22, 2009) (no actionable

- 4 -

deliberate-indifference claim where the plaintiff "provide[d] no factual information to indicate that his food allergies constitute a serious medical condition"). Without more, the court cannot say that Davis's food allergies themselves constitute a serious medical condition sufficient to meet the objective component of his deliberate-indifference claim.

Moreover, although Davis claims that he is only being served peanut butter, eggs, and cheese, he does not allege that his health has suffered from this diet. *See Witschi v. N.C. Dep't of Pub. Safety*, No. 1:14-cv-00068, 2014 WL 3735135, at *2 (W.D.N.C. July 29, 2014) (dismissing deliberate-indifference claim where the plaintiff "[did] not allege[] any specific facts indicating that his health has deteriorated while" in prison); *see also Escalante v. Huffman*, No. 7:10-cv-00211, 2011 WL 3107751, at *9 (W.D. Va. July 26, 2011) ("Mere dissatisfaction with the variety, portion size or savor of [the plaintiff's] prison diet is not sufficient to state a claim" (citing *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985)), *report and recommendation adopted*, 2011 WL 3584992 (W.D. Va. Aug. 15, 2011).

For these reasons, Davis has failed to plead sufficient facts to meet the objective component of his deliberate-indifference claim. Therefore, Short's motion to dismiss will be granted as to that claim.[3]

## B. Retaliation

To state a claim for retaliation, Davis must allege facts supporting a reasonable inference that (1) he engaged in activity protected under the First Amendment, (2) Short took some action that adversely affected his First Amendment rights, and (3) a causal relationship exists between Davis's protected activity and Short's challenged conduct. *Martin v. Duffy*, 858

---

[3] Having concluded that Davis has failed to meet the objective component of his deliberate-indifference claim, the court need not—and will not—address whether he can show the subjective component.

F.3d 239, 249 (4th Cir. 2017). "Claims of retaliation by prisoners must 'be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.'" *Hoye v. Gilmore*, 691 F. App'x 764, 765 (4th Cir. 2017) (per curiam) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)).

Short concedes—and the court agrees—that Davis has likely met the first element of his retaliation claim, as he has filed facility requests, written complaints, and grievances about his food allergies. (*See* ECF No. 15 at 9); *see also Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 546 (4th Cir. 2017) ("[I]nmates possess a First Amendment right to be free from retaliation for filing a grievance"). But Short contests whether Davis can show the second and third elements of his retaliation claim. (*See* ECF No. 15 at 9–12.) Because the court agrees that Davis has failed to allege facts that, if true, would prove the second element, it need not—and will not—address whether he can show the third element.

To satisfy the second element of a First Amendment retaliation claim, the allegedly retaliatory conduct must be "likely [to] deter a person of ordinary firmness from the exercise of First Amendment rights." *Hoye*, 691 F. App'x at 765 (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005)). But Davis has failed to allege sufficient facts to satisfy this element. As an initial matter, Davis has not, in fact, been deterred from continuing in his protected activity, including the filing of this lawsuit—a fact that counsels against a finding that he has met the second factor of his retaliation claim. *See Constantine*, 411 F.3d at 500 (noting that, while not dispositive, "the plaintiff's actual response to the retaliatory conduct provides some evidence of the tendency of that conduct to chill First Amendment activity"). Otherwise, the allegedly retaliatory conduct Davis identifies (*i.e.*, being served food

items to which he is allergic and otherwise only being served certain food items) does not suffice to support a cause of action for retaliation.

As noted, Davis does not allege to have suffered any allergic reaction from the food items he was served at the prison. Without more, the court cannot say that his receipt of such food items was sufficiently adverse to state a retaliation claim. *See Ofori v. Fleming*, No. 7:20-cv-00345, 2021 WL 4462922, at *7 (W.D. Va. Sept. 29, 2021) (allegations that the plaintiff received "trays with one food to which he was allergic" and did not receive "meal trays on a few occasions" found insufficient to state a retaliation claim). Moreover, Davis's allegation that he is only being served peanut butter, eggs, and cheese for all three of his daily meals does not suffice to state a retaliation claim. As noted, Davis does not allege to have suffered any deterioration in his health because of this diet. And to the extent he complains that the diet is uninteresting or unappetizing, this does not suffice to state a retaliation claim. *See Vartinelli v. Aramark Correctional Services, LLC*, 796 F. App'x 867, 872 (6th Cir. 2019) (prisoner's allegation that he was being served "unappetizing food" insufficient to state a retaliation claim).

For these reasons, Davis has failed to plead sufficient facts to show the second element of his retaliation claim. Therefore, Short's motion to dismiss will be granted as to that claim.

## IV.    CONCLUSION

For the reasons stated above, the court will grant Short's motion to dismiss.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 7th day of August, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

- 7 -